Plaintiff-appellant Paul M. Brant, Jr., appeals from the dismissal of his cause of action against defendant-appellee Lewark Metal Spinning, Inc., pursuant to Civ.R. 12(B)(6). Brant contends that the trial court erred by finding that he had failed to state a claim against his employer upon which relief could be granted because, even though he failed to allege that his employer intentionally and deliberately injured him, he did allege that the employer intentional tort statute, R.C. 2745.01, is unconstitutional. Brant has put forth no theory, either in the trial court or in this court, as to why the statute is unconstitutional. Accordingly, we conclude that Brant has failed to overcome the presumption that the statute is constitutional, and the trial court did not err in relying upon the statute in its conclusion that Brant has failed to state a claim upon which relief can be granted. Accordingly, the judgment of the trial court is Affirmed.
 I
Brant brought this action against Lewark Metal, unnamed manufacturers, and unnamed suppliers, seeking to recover damages for a personal injury he sustained while polishing a part upon a dual jack polishing lathe. Brant's specific allegations against Lewark are as follows:
 5. Defendant Lewark, as Plaintiff's employer, at all times pertinent to this Complaint, had knowledge of the existence of one or more dangerous processes, procedures, instrumentalities and/or conditions within its business operation.
 6. Defendant Lewark, at all times pertinent to this Complaint, knew that if Plaintiff, or any other employee with similar job tasks, were subjected to said dangerous processes, procedures, instrumentalities and/or conditions, then harm to the employee would be a substantial certainty.
 7. At all times pertinent to this Complaint, Defendant Lewark, under such circumstances and with such knowledge as alleged above, did act to require Plaintiff to continue to perform the dangerous tasks.
 8. As the direct and/or proximate result of the Intentional Tort of Defendant Lewark, Plaintiff was injured and sustained injury and damages described above.
 9. Plaintiff asserts that R.C. § 2745.01 is violative of the U.S. and Ohio Constitutions and does not cover the liability of the employer in this matter.
Lewark moved to dismiss the complaint against it, noting that it fails to allege that Lewark intentionally and deliberately injured Brant, an essential element of a cause of action for employer intentional tort, pursuant to R.C. 2745.01. In response, Brant acknowledged that he had failed to allege that Lewark had intentionally and deliberately injured him, but argued that his cause of action should nevertheless not be dismissed, because it included an allegation that the employer intentional tort statute, R.C. 2745.01, is unconstitutional.
The trial court found Lewark's motion to dismiss well-taken, and dismissed Lewark. Thereafter, Brant dismissed the action against the other defendants, and brought this appeal from the dismissal of his cause of action against Lewark.
 II
Brant's sole Assignment of Error is as follows:
 THE TRIAL COURT ERRED IN SUSTAINING APPELLEE'S MOTION TO DISMISS.
Both in the trial court and in this court, Brant argues that his cause of action should not be dismissed for failure to state a claim, even though it does not include an allegation that his employer deliberately and intentionally injured him, because, as he alleges in his complaint, the employer intentional tort statute is unconstitutional. However, neither in the trial court nor in this court has Brant set forth any argument tending to show the unconstitionality of the statute, under either the Ohio or federal constitutions.
On its face, R.C. 2745.01 requires, as an essential element of an employer intentional tort action, that the employer commit an act in which the employer deliberately and intentionally injures the employee. Statutes are presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision. Fabrey v. McDonald Police Dept. (1994), 70 Ohio St.3d 351,352, 639 N.E.2d 31, 33. If R.C. 2745.01 were unconstitutional on its face, then the employer intentional tort would retain its common law definition prior to the enactment of the definition set forth in R.C. 2745.01, and Brant's complaint might withstand a challenge under Civ.R. 12(B)(6). However, Brant has set forth no argument or chain of reasoning that would lead us to conclude that the statute is unconstitutional on its face. Nor has Brant set forth any argument or allegation of fact tending to indicate that the statute is unconstitutional as applied to him. It there were a plausible argument that the statute was unconstitutional as applied to him, there might be issues of fact that would have to be resolved to determine the constitutional question. Again, however, Brant has made no argument against the presumption of the statute's constitutionality. Accordingly, we conclude that the trial court properly applied the definition of an employer intentional tort set forth in R.C. 2745.01 in concluding that Brant's complaint fails to set forth the claim upon which relief can be granted.
Newark makes the further argument that Brant has failed to serve the Ohio Attorney General with notice of his claim that the statute is unconstitutional, as required by R.C. 2721.12. We find it unnecessary to decide this issue, since we conclude that Brant has failed, utterly, to overcome the presumption in favor of the constitutionality of R.C. 2745.01.
Brant's sole Assignment of Error is overruled.
 III
Brant's sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
YOUNG, P.J., and GRADY, J., concur.
Copies mailed to:
Michael J. Liss
Stephen V. Freeze
Hon. John Petzold